Millane Nurseries & Tree Experts, Inc. v. Commissioner.
Millane Nurseries & Tree Experts, Inc. v. Commissioner
Docket No. 110443.
United States Tax Court
1942 Tax Ct. Memo LEXIS 39; 1 T.C.M. (CCH) 228; T.C.M. (RIA) 42651; December 15, 1942
*39 Held, petitioner did not permit its earnings and profits to accumulate beyond the reasonable needs of its business for the purpose of avoiding the imposition of surtaxes on its shareholders. Daniel C. Flynn, Esq., 750 Main St., Hartford, Conn., for the petitioner. Melvin L. Sears, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, J.: The respondent determined deficiencies in income tax for the years 1938 and 1939 in the respective amounts of $4,195.28 and $2,674.23, consequent on his holding that the petitioner had permitted its earnings and profits to accumulate beyond the reasonable needs of its business for the purpose of preventing the imposition of surtax on its shareholders. [The Facts] Petitioner corporation was formed in 1929 by Neal A. Millane, a nurseryman of thirty years' experience to continue the business theretofore carried on by him in his personal capacity. Millane owns 496 out of 500 shares outstanding of petitioner's stock. Millane's purpose in forming the corporation was to relieve himself of the personal responsibility incident to the hazardous nature of the nursery and tree expert business and for the further purpose of better conducting *40 his business. The company sells its services and nursery stock to private individuals, towns, cities and States. The State of Connecticut has been, for a long period of time, its principal customer, furnishing from 40 per cent to 60 per cent of its total business. The nursery business in Connecticut, where petitioner is located, is subject to hazards of the weather, to blights and plant diseases of various kinds. Frequently, at the direction of Government or State authorities, large quantities of trees and plants must be destroyed because of diseased conditions. Trees which are not sold at an appropriate age must be destroyed and represent total loss. The weather has a definite effect on the business, such phenomena as droughts, hail storms, hurricanes, and frost causing large damage. It is impossible to obtain insurances against such loss because of the hazardous nature of the business. Petitioner guarantees its sales for a period of from one to five years and is frequently called upon to make good on such guaranties. Petitioner owned about 150 acres of land, most of which was used for cultivating nursery stock. It also purchased large quantities of nursery stock to meet its requirements. *41 Millane was personally responsible for obtaining about 80 per cent of the business enjoyed by petitioner. It is necessary for petitioner to anticipate the requirements of its business approximately five years in advance. The State of Connecticut about 1936 passed a bill to extend the Merritt Parkway from Milford, Connecticut, to the Massachusetts State Line. Petitioner had previously landscaped and furnished all the material used in that project from the New York State Line to Milford, and anticipated furnishing and planting a large amount of material for the extended Parkway, amounting to approximately 100 miles additional highway. It was expected it would take five years to complete this program. Petitioner had no investments outside its business. By reason of the hazards incident to the business, petitioner was unable to borrow money by mortgage on its property. During the year 1935 Millane was indebted to the petitioner in the amount of $8,465.85 and at the end of 1939 in the amount of $4,284.95. No interest was paid on these debts nor was interest paid on open balances between Millane and petitioner. No dividends have been paid from January 1, 1933 to and including 1942. *42 Millane advanced money to the corporation at various times and in June 1938 petitioner owed him the sum of $11,307.10. Gross sales, net profits, Millane's salary, and surplus at the end of the year are shown in the following table for the years 1929 to 1941: Gross
Net
Millane's
Surplus at
Year
Sales
Profit
Salary
end of year
1929
$134,207.07
$10,278.51
$ 5,200
Not shown
1930
114,628.46
4,588.58
5,200
Not shown
1931
128,629.99
4,767.45
15,000
Not shown
1932
117,629.43
1,714.64(loss)
15,000
Not shown
1933
68,319.90
635.00
12,000
$ 2,235.77
1934
82,798.63
2,639.14
15,000
40.49
1935
79,529.21
1,622.39
10,000
1,387.82
1936
115,692.50
11,048.03
10,000
9,765.25
1937
81,231.00
594.86(loss)
10,000
9,133.21
1938
131,370.22
20,354.73
15,000
26,425.44
1939
122,246.70
12,367.73
15,000
37,122.36
1940
112,882.97
3,861.58
15,000
Not shown
1941
101,033.67
3,671.58
10,000
Not shown
Purchases of nursery products during the years 1936 to 1941 were as follows: Closing
Year
Purchases
Inventories
1936
$33,293.33
$8,138.50
1937
17,924.67
8,860.08
1938
31,106.94
8,737.54
1939
32,683.31
9,861.68
1940
29,422.60
9,861.68
1941
24,347.34
9,861.68
*43 [Opinion] There is no contention that petitioning corporation is a mere holding or investment corporation, or that it was formed for the proscribed purpose. Respondent's contention is solely that it was availed of for the purpose of preventing the imposition of surtax on its shareholders by permitting its earnings and profits to accumulate beyond its reasonable needs. Section 102(c) of the Internal Revenue Code provides: (c) Evidence determinative of purpose. - The fact that the earnings or profits of a corporation are permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid surtax upon shareholders unless the corporation by the clear preponderance of the evidence shall prove to the contrary. The taxpayer thus has the burden of proving either that the accumulated earnings or profits were not beyond the reasonable needs of the business or that there was a legitimate purpose (the avoidance of surtaxes on the shareholders is not such a purpose) for the accumulations. On the facts before us we believe petitioner should be sustained as to both measures of defense. Considering the volume, the hazards, and nature of the *44 business, the need for ready cash or credit, the lack of mortgageable assets, the history of past years, and the prospect for the future, we are of the opinion that petitioner had reasonable need in its business for the accumulated surplus. We are of the further opinion that petitioner was not motivated by a purpose of evading surtaxes. The evidence in support of these conclusions clearly satisfy the statutory test. On careful reading of the entire record of the case we have no doubt as to the correctness of our conclusion. Decision will be entered for the petitioner.